UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

National Pastime Sports, LLC,

Plaintiff,

Case No.: 11-11378

v.

Honorable Sean F. Cox

CSI Insurance Group, and New Hampshire Insurance Co.,

Defendants,

and

New Hampshire Insurance Co.,

Counterclaim Plaintiff/Third-Party Plaintiff,

v.

National Pastime Sports, LLC,

Plaintiff/Counterclaim Defendant,

and Cleveland Indians Baseball Co., L.P.,

Third-Party Defendant,

and

Cleveland Indians Baseball Co., L.P.,

Third-Party Defendant/Third-Party Counterclaim Plaintiff,

v.

New Hampshire Insurance Co.,

Third-Party Plaintiff/Third-Party

Counterclaim-Defendant,

and

Cleveland Indians Baseball Co., L.P.,

Third-Party Defendant/Third-Party Counterclaim Plaintiff/Fourth-Party Plaintiff,

v.

CSI Insurance Group,

Defendant/Fourth-Party Defendant.

_______________________________________/

OPINION & ORDER GRANTING CSI INSURANCE GROUP'S MOTION FOR SUMMARY JUDGMENT ON THE CLEVELAND INDIANS' FOURTH-PARTY COMPLAINT

This is an insurance coverage dispute that arises out of an underlying wrongful-death action currently pending in Ohio State Court. It has become a web of complaints and counterclaims between four separate parties. National Pastime Sports, LLC ("NPS") filed this action against an independent insurance agency, CSI Insurance Group ("CSI" or, for the purposes of this opinion only, "Defendant") and also against its insurer, New Hampshire Insurance Co. ("NHI"). In its complaint, NPS seeks a declaration that NHI defend and indemnify NPS for the Ohio lawsuit, and also alleges negligence against CSI.

NHI subsequently filed a Third-Party Complaint against the Cleveland Indians Baseball Co., L.P. ("the Cleveland Indians," or, for the purposes of this opinion only, "Plaintiff") and a counterclaim against NPS. The Cleveland Indians, in turn, filed a counterclaim against NHI for a declaratory judgment, and also filed a "fourth-party" complaint against CSI.

The matter is currently before the Court on CSI's motion for summary judgment on the

Cleveland Indians' "fourth-party" complaint. The parties have fully briefed the issues and the Court heard oral argument on November 3, 2011. For the reasons set forth below, the Court shall GRANT CSI's motion for summary judgment.

BACKGROUND

On or about March 23, 2010, the Cleveland Indians executed a Production Agreement with NPS to produce certain elements of ten fan festivals, known as "Kids Fun Days," at Cleveland Indians games between May 9, 2010, and September 12, 2010. As part of the events' entertainment, NPS agreed to provide an inflatable slide.

Pursuant to the agreement, NPS was also to "provide comprehensive general liability insurance coverage. . . covering any claims, demands, causes of action, liability or damages, including legal costs and attorney fees, arising out of obligations or performance by producer under [the] Agreement." (Complaint, at ¶ 7). The agreement also provided, "The insurance certificates will also name the following as an additional insured: 'Cleveland Indians Baseball Company. . . .'"

NPS contacted CSI to procure insurance coverage in accordance with NPS's agreement with the Cleveland Indians. On March 2, 2010, NPS submitted an Annual Events Application to CSI. (Plf's Br., Ex. B). On the application, an agent for NPS checked the "yes" box next to the qualification question, "Any event with bounce houses or inflatables? (If yes, certificates of insurance are required)." The application also requests $5,000,000 in general liability insurance. CSI subsequently provided NPS with an insurance proposal for general liability coverage from NHI for a premium of $2,590.00. (Complaint, Ex. B).

NPS accepted the proposal and on April 27, 2010, CSI issued a Certificate of Insurance to

NPS and the Cleveland Indians. (Plf's Br., Ex. D). The Certificate of Insurance provides that NPS is covered by $5,000,000 of commercial general liability insurance and lists the Cleveland Indians as an additional insured. The certificate states, "This coverage is with respect to Cleveland Indians Kids Fun Day event to be held [on the specific dates listed]." Furthermore, near the top, right corner, the Certificate of Insurance provides, "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW." (Plf's Br., Ex. D). The certificate also states, "THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. . . ." *Id*.

On June 12, 2010, during one of the scheduled Kids Fun Day events, two Cleveland Indians spectators, Douglas Johnson and David Brown, were injured when an inflatable slide, which was provided by NPS for the Kids Fun Day event, collapsed. Mr. Johnson died on June 21, 2010, presumably as a result of the injuries suffered while attending the Kids Fun Day. The Johnson Estate and David Brown filed a lawsuit against the Cleveland Indians and NPS.

On June 22, 2010, NPS contacted CSI and notified it of the Johnson/Brown suit. CSI replied to NPS, stating that "inflatables are excluded on the policy you purchased from us." (Plf's Br., Ex. F at 2). NPS responded, "With regards to the inflatable question on the cover page of the application we did check that inflatables would be in use for this event." *Id*. That same day, an agent for CSI replied, "Oh, ok. Sorry, I guess I missed it. I'm so used to quoting up your events I think I hardly look at anything but the dates and the details of the event. I will be sure to

pay more attention in the future. I have forwarded your email to the carrier." *Id*. at 1.

On June 24, 2010, the Cleveland Indians tendered the Johnson/Brown suit to NPS for defense and indemnification. Despite the fact that NPS indicated on its Annual Events Application that the Kids Fun Days would include inflatables, the NHI claims administrator wrote a letter to the Cleveland Indians on August 11, 2010, notifying them that the Johnson/Brown suit is not covered under the terms of the insurance policy. (Def's Br., Ex. 4). In the letter, NHI referenced the policy's endorsement, which excluded coverage for bodily injury "[a]rising out of ownership, operation, maintenance or use of any 'amusement device.'" *Id*. at 7. The endorsement defines "amusement device" as, among other things, "any equipment a person rides for enjoyment, including, but not limited to, any mechanical or non-mechanical ride, slide. . . ." *Id*. An additional endorsement provides, "This policy does not apply to any 'bodily injury' or 'property damage' arising out of the collapse of a temporary grandstand, tent, bleacher, stage and/or any other temporary structure." *Id*. at 8.

On June 21, 2011, in response to the Cleveland Indians' "fourth-party" complaint, CSI filed the instant motion for summary judgment.

LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the

affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

In its complaint, the Cleveland Indians seek a declaration "as to the rights and legal relations of the parties" under the insurance policy issued by NHI. The Cleveland Indians also allege the following counts against CSI: (1) Count I - Negligence, (2) Count II - Innocent Misrepresentation, (3) Count III - Fraud Based on False Representation, (4) Count IV - Silent Fraud.

### I. The Cleveland Indians' Negligence Claim:

The Cleveland Indians contend that CSI "was the express and/or implied agent, servant, employee, broker, or producer of NHI, and owed duties to both NPS and the Cleveland Indians to review, process, procure and deliver the insurance products requested by NPS that would fulfill NPS's legal obligation to the Cleveland Indians." (Complaint at ¶ 32). Specifically, the Cleveland Indians assert that CSI had a duty to provide coverage within a commercial general liability policy for bodily injury arising out of the use, maintenance, or operation of inflatables. The Cleveland Indians further allege that CSI breached that duty by failing to review and properly process the insurance application.

To establish a prima facie case of negligence, a plaintiff must establish: (1) a legal duty owed by the defendant to the plaintiff, (2) that the defendant breached that duty, (3) that the breach was a proximate cause of the damages suffered, and (4) damages. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449 (1993). "[F]or a duty to arise there must exist a sufficient relationship between the plaintiff and the defendant." *Id*. at 450. A legal duty may arise by contract, statute, constitution, or common law. *West American Ins. Co. v. Meridian Mut. Ins. Co.*, 230 Mich.App. 305, 311 (1998).

CSI asserts that it served only as the insurance agent for NPS, and therefore did not owe a duty to the Cleveland Indiands. As a result, CSI insists that the Cleveland Indians cannot establish a prima facie case of negligence. This Court agrees.

Under Michigan law, a plaintiff may bring a claim for negligence against an insurance agent for a failure to procure insurance coverage as requested by the plaintiff. *Haji v. Prevention Ins Agency, Inc.*, 196 Mich.App 84, 87 (1992); *Auto-Owners Ins. Co. v. Lepp*, 2011 WL 2858788 at *4 (Mich. App. 2011). "The cause of action protects foreseeable third parties who are injured when a contracting party negligently performs his or her contractual duty." *Auto-Owners Ins. Co.,* 2011 WL 2858788 at *4 (*citing Williams v. Polgar*, 391 Mich. 6, 22 (1974)). In such cases, "the existence of a contractual duty is a prerequisite to recovery under this theory." *Id*. Further, "in an action based on a contract and brought by a plaintiff who is not a party to that contract," the plaintiff must show that "the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." *Fultz v. Union–Commerce Associates*, 470 Mich. 460, 467 (2004).

In this case, the parties do not dispute that the Cleveland Indians are not privy to any

contract with CSI. The only named insured on the insurance contract itself is NPS. The Cleveland Indians, as a third party, must therefore show that CSI owed the Cleveland Indians a duty that is distinct from CSI's contractual obligations to NPS.

The Cleveland Indians contend that an insurance agent owes a duty to those who foreseeably benefit from an insurance contract or who would be injured by the negligent failure to procure insurance. In support of this theory, the Cleveland Indians rely heavily on *Auto-Owners Ins. Co. v. Michigan Mut. Ins. Co.*, 223 Mich.App. 205 (1997), in which the Michigan Court of Appeals held that an insurance broker owed a duty to third-party passengers of an automobile because they would have benefitted from the existence of an insurance policy.

The Cleveland Indians' reliance on *Auto-Owners Ins. Co.* is misplaced. In that case, the insurance broker owed a duty to the third-party claimants because the claimants had rights equivalent to those of the insured by operation of Michigan's assigned claims statute.[1] In the instant case, no such statute exists to place the Cleveland Indians in the shoes of NPS.

Similarly, in all the other Michigan cases cited by the Cleveland Indians, the third-party plaintiffs sued a defendant, who was in privity of contract with another party, for negligence. The underlying claims in these cases arise out of physical injuries to third-party plaintiffs. For instance, the Cleveland Indians cite *Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C.* --- N.W.2d ----, 2011 WL 2184294 (Mich.App. 2011), where an employee of an electrical subcontractor was injured on a job-site as a result of a carpentry subcontractor's execution of a

[1]Additionally, if the Court were to follow the Cleveland Indians' rational, and apply *Auto-Owners Ins. Co. v. Michigan Mut. Ins. Co.* to this case, it would be those parties who were physically injured (Mr. Johnson and Mr. Brown), and not the Cleveland Indians, who would sit in the shoes of the third-party claimants in *Auto-Owners*.

contract between the general contractor and the carpentry subcontractor. The Cleveland Indians also rely on *Fultz v. Union-Commerce Associates*, 470 Mich. 460 (2004), where a third-party pedestrian suffered injuries resulting from a defendant's negligent execution of its contract to plow snow from a parking lot owned by a separate party. In these cases the negligent party owed a separate and distinct duty to the third-party plaintiffs in that they were required "to use ordinary care in order to avoid physical harm to persons and property in the execution of its undertakings."

In the instant case, no such common law duty is owed by CSI to the Cleveland Indians. The Cleveland Indians suffered no physical harm during the execution of CSI's contract, and thus any duty owed to them by CSI must lie in statute or contract. As stated above, no contract exists between CSI and the Cleveland Indians, and the Cleveland Indians do not rely on any statutory duty. Thus, the Court agrees with CSI that the Cleveland Indians have not shown that CSI owed a duty to the Cleveland Indians that was separate and distinct from CSI's contractual duties to NPH.[2] As a result, the Cleveland Indians have failed to establish a prima facie case of negligence.

II. The Cleveland Indians' Innocent Misrepresentation Claim:

In Count II of its complaint, the Cleveland Indians allege innocent misrepresentation. Specifically, the Cleveland Indians allege that it was an intended, third-party beneficiary of the contract between NPS and CSI, and that CSI made material misrepresentations relating to the

[2]Although there is no Michigan case law directly on this issue of an insurance broker's duty to an additional insured, a number of other state courts have held that a broker owes a duty to the insured, but not to additional insureds. *See St. George v W.J. Barney Corp.,* 270 AD2d 171, 172 (2000); *Federal Ins. Co. v Spectrum Ins. Brokerage Servs.*, 304 A.D.2d 316, 317 (2003); *Mulvey Const., Inc. v. Bituminous Cas. Corp.*, 2011 WL 1232128 (S.D.W.Va. 2011).

coverage with respect to claims arising out of the operation of an inflatable slide at the Kids Fun Day events.

"A claim of innocent misrepresentation is shown where a party detrimentally relies on a false representation in such a manner that the injury inures to the benefit of the party making the misrepresentation." *Forge v. Smith*, 458 Mich. 198, 211-12 (1998); *see also United States Fidelity & Guaranty Co. v. Black*, 412 Mich. 99, 118-119 (1981). Additionally, "[w]hile it is unnecessary to prove that the person making the representation had knowledge that the statements were false, it is necessary to show privity of contract." *Forge*, 458 Mich. at 212; *Roberts v. Saffell*, 280 Mich.App. 397, 404 (2008) ("[F]or liability under a theory of innocent misrepresentation to arise there must be privity of contract between the party making the representation and the party claiming to have detrimentally relied on it.").

As stated in Part I, above, the Cleveland Indians are not privy to any contract with CSI. "It is well-settled. . . that third party beneficiaries are not contractually related parties for the purpose of innocent misrepresentation." *Kahn v. Burman*, 673 F.Supp. 210, 215 (E.D. Mich. 1987); *United States Fidelity & Guaranty Co.*, 412 Mich. at 117 n. 9.

The Cleveland Indians, however, contend that an exception exists to the privity of contract requirement when a third-party beneficiary alleges fraud. The Cleveland Indians, however, fail cite any *relevant* authority for its position. The Cleveland Indians cite two cases in support of this theory. Neither case, however, supports its position. First, the Cleveland Indians cite *Williams v. Polger*, 391 Mich. 6 (1974), where third-party, land contract purchasers filed a claim against a title company for negligent misrepresentation. In *Williams*, however, the plaintiffs alleged negligent misrepresentation, rather than innocent misrepresentation, in their

complaint. The court in *Williams* stated:

> With respect to the particular type of tort action arising from breach of an abstracter's contractual duty, we hold it to be an action in negligent misrepresentation. Numerous cases and law review articles have debated the precise tort cause of action most appropriate in this context. The theories of fraud, deceit, warranty, and strict liability have all been the subject of extensive discussion with respect to professional misrepresentations of this sort. None of these theories has been found to adequately deal with this particular problem; negligent misrepresentation, on the other hand, precisely fits this situation.

*Williams*, 2003 WL 22850448 at *20. As stated in Part I, above, although the Cleveland Indians discuss in its brief its right to relief under a theory of negligent misrepresentation, it did not allege a claim of negligent misrepresentation in its complaint.

Even if the Cleveland Indians had properly alleged a claim of negligent misrepresentation, the Court in *Williams* explicitly tailored its decision to abstractors who negligently misrepresent information in an abstract. *Id*. at *10-12. The Court's rational for excluding the privity requirement in cases where land buyers rely on the representations of an abstractor was that:

> The right to use an abstract as evidence is not even limited to the person to whom it is issued. Any one may use it, and any one against whom it is employed may be injured in consequence of the certificate being false. Having thus widened the abstract's sphere of action, it was quite natural that the legislature should also widen the abstracter's liability.

*Id*. at 13. As a result, Michigan courts abolished the requirement of privity in favor of third-party beneficiaries, but limited its holding to "abstracter liability to foreseeable relying third-parties." *Id*. at 18. The holding in *Williams* therefore is of no relevance to the case currently before the

Court.[3]

Second, the Cleveland Indians cite *Botsford Gen. Hosp. v. United American Healthcare Corp.*, 2003 WL 22850448 (Mich.App 2003). The Cleveland Indians' reliance on this case is perplexing, because, contrary to the Cleveland Indians' position, the court in *Botsford* determined that privity of contract is a necessary requirement for a claim of innocent misrepresentation. The court stated:

> We uphold the trial court's decision with regard to [plaintiffs' innocent misrepresentation] claim based on plaintiffs' failure to demonstrate any basis for disturbing the court's ruling that 'plaintiffs failed to address the same. Notwithstanding, there are no allegations that there was misrepresentation of material fact made directly to Plaintiffs by UAH in connection with the making of a contract between them.' Plaintiffs' failure to address a necessary issue, namely, the contract element addressed by the trial court, precludes appellate relief.

*Botsford Gen. Hosp*., 2003 WL 22850448 at *6.

As stated above, the Cleveland Indians have not established privity of contract with CSI. Accordingly, the shall grant CSI's motion as it relates to the Cleveland Indians' innocent misrepresentation claim.

III. <u>The Cleveland Indians' Fraudulent Misrepresentation Claim:</u>

Count III of the Cleveland Indians' complaint alleges "Fraud Based of False Representation," which the Court has construed as a fraudulent misrepresentation claim. The

---

[3]Similarly, in the Cleveland Indians own motion for partial summary judgment against CSI, the Cleveland Indians rely on *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich.App. 14 (1989), where the court adopted the "Restatement Torts, 2d, § 552, as the minimum standard applicable in reviewing the scope of an accountant's potential third-party liability for negligent misrepresentation." Like the court in *Williams*, the court in *Stockler* limited its holding to the liability of accountants for negligent misrepresentation.

Cleveland Indians allege that, via the Certificate of Insurance, CSI fraudulently misrepresented the fact that NPS's insurance policy covered bodily injury arising out of the use of inflatables.

To prove a claim of fraudulent misrepresentation, a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the misrepresentation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. *Roberts*, 280 Mich.App at 403.

In its motion, CSI simply contends that it never made any representations to the Cleveland Indians, and therefore could not have made any fraudulent misrepresentations. The Court agrees that the Certificate of Insurance does not make any positive, fraudulent representations. The certificate does not describe the insurance policy in any detail, and merely states that NHI has issued Commercial General Liability Insurance to NPS, which is an entirely accurate statement. None of the terms of the policy, except for the effective dates of the policy and the coverage limits, are represented on the face of the certificate. In fact, the top of the certificate clearly states, "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER." (Plf's Br., Ex. D). The certificate also states, "THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. . . ." *Id.* Michigan courts, agreeing with the reasoning of New Hampshire courts, have stated that these certificates of insurance, do "no more

than certify that insurance existed on the day the certificate was issued." *West American Ins. Co.* Mich.App. at 312 (finding that agencies issuing certificates of insurance, with identical wording as the one at issue in this case, are under no duty to advise the holders of the certificate about material changes in the information included on the certificates because the certificate of insurance "did not purport to represent the terms, benefits, or privileges promised under the policy.").

On the face of the certificate, all of the basic representations that are made appear to be accurate. Accordingly, the Court shall grant CSI's motion as to the Cleveland Indians' fraudulent misrepresentation claim.

IV. The Cleveland Indians' Silent Fraud Claim:

Finally, the Cleveland Indians allege silent fraud against CSI. The Cleveland Indians contend that CSI suppressed material facts, namely, that NPS was not covered for injuries resulting from the use of inflatables, and that the Cleveland Indians relied upon the false impression made by CSI.

The elements of a claim for silent fraud are: "(1) a material representation which is false; (2) known by defendant to be false, or made recklessly without knowledge of its truth or falsity; (3) that defendant intended plaintiff to rely upon the representation; (4) that, in fact, plaintiff acted in reliance upon it; and (5) thereby suffered injury[.]" *McMullen v. Joldersma*, 174 Mich.App. 207, 213 (1988). "The false material representation needed to establish [silent] fraud may be satisfied by the failure to divulge a fact or facts the defendant has a duty to disclose." *Clement-Rowe v. Mich. Health Care Corp.*, 212 Mich.App. 503, 508 (1995). "To establish a claim of silent fraud, a plaintiff must allege that the defendant intended to induce her to rely on a

nondisclosure and that the defendant had an ***affirmative duty to disclose***." *Miller v. Wells Fargo Bank, N.A,* 2010 WL 935645 at *3 (Mich.App. 2010) (emphasis added).

The Cleveland Indians' silent fraud claim fails for reasons already discussed. First, as stated in Part I, above, CSI owed no duty to the Cleveland Indians because CSI did not have a contractual or professional relationship with the Cleveland Indians. Second, CSI owed no duty to the Cleveland Indians because the Certificate of Insurance did not purport to make any representations as to the terms, benefits, or privileges promised under the policy. *See West American Ins. Co.* Mich.App. at 311.

Because the Cleveland Indians have failed to establish that CSI owed any duty to the Cleveland Indians, the Court shall grant CSI's motion as it relates to the Cleveland Indians' silent fraud claim.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that CSI's Motion for Summary Judgment as to the Cleveland Indians' Fourth-Party Complaint (Doc. No. 28) is GRANTED.

IT IS FURTHER ORDERED that the Cleveland Indians' Fourth-Party Complaint against CSI (Doc. No. 28) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that The Cleveland Indians Baseball Company, L.P.'s motion for partial summary judgment against CSI (Doc. No. 45) is DENIED AS MOOT.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated: November 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on

November 17, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager