UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

National Pastime Sports, LLC,

       Plaintiff,                            Case No.: 11-11378

v.                                      Honorable Sean F. Cox

CSI Insurance Group, and New Hampshire
Insurance Co.,

       Defendants,

and

New Hampshire Insurance Co.,

       Counterclaim Plaintiff/Third-Party Plaintiff,

v.

National Pastime Sports, LLC,

       Plaintiff/Counterclaim Defendant,

and Cleveland Indians Baseball Co., L.P.,

       Third-Party Defendant,

and

Cleveland Indians Baseball Co., L.P.,

       Third-Party Defendant/Third-Party
       Counterclaim Plaintiff,

v.

New Hampshire Insurance Co.,

       Third-Party Plaintiff/Third-Party
       Counterclaim-Defendant,

1

and

Cleveland Indians Baseball Co., L.P.,

       Third-Party Defendant/Third-Party
       Counterclaim Plaintiff/Fourth-Party Plaintiff,

v.

CSI Insurance Group,

       Defendant/Fourth-Party Defendant.

_____/

## OPINION & ORDER DENYING THE CLEVELAND INDIANS BASEBALL COMPANY, L.P.'S MOTION FOR RECONSIDERATION

This case involves a dispute between the parties to a liability insurance agreement. National Pastime Sports, LLC ("NPS") originally filed this action against an independent insurance agency, CSI Insurance Group ("CSI"), and New Hampshire Insurance Co. ("NHI"). Thereafter, third-party defendant Cleveland Indians Baseball Co., L.P. (the "Cleveland Indians") filed a counterclaim against NHI for a declaratory judgment, and also filed a fourth-party complaint against CSI, alleging negligence and various fraud claims. CSI subsequently filed a motion for summary judgment on the Cleveland Indians' fourth-party complaint against CSI. In response to CSI's motion, the Cleveland Indians stated that it was also entitled to relief under a theory of negligent misrepresentation.

On November 17, 2012, this Court issued an Opinion & Order granting CSI's motion for summary judgment. The Court denied the Cleveland Indians' negligent misrepresentation claim, finding: (1) the Cleveland Indians failed to alleged a negligent misrepresentation claim in its complaint, and (2) even if it had alleged such a claim, Michigan law did not extend liability for

negligent misrepresentation to the facts of this case.  (Opinion & Order at 10-11).

On December 1, 2011, the Cleveland Indians filed a motion for reconsideration regarding the Court's November 17, 2012 Opinion & Order, stating:

> the Court committed palpable error by summarily dismissing its negligent misrepresentation claim because: (1) the elements of this theory were pled in the Fourth-Party Complaint; (2) controlling Michigan law compels the conclusion that this tort theory does indeed extend beyond accountants and abstractors to encompass insurance agents; and/or (3) depending upon the evidence produced during discovery, controlling Michigan law could estop CSI from denying liability under the tort theory.  Alternatively, prior to entering a final judgment in favor of CSI at this state of the proceedings, the Court should have granted the Cleveland Indians' leave to amend its Fourth-Party Complaint to perfect claims of negligent misrepresentation.

(Mtn. For Reconsideration at 7-8).

Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).  A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998).

First, despite the Cleveland Indians' claim that it pled the elements necessary to establish a claim for negligent misrepresentation, it fails to direct this Court to any specific allegations in

3

its complaint that tend to do so.[1]  Second, a main factor in the Court's determination was the lack

of privity between the Cleveland Indians and CSI.  The Cleveland Indians, again, rely heavily on

a number of cases already distinguished by this Court, i.e., *Williams v. Polger*, 391 Mich. 6

(1974) and *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App. 14 (1989).  The

Cleveland Indians also rely on a number of other cases where there was, in fact, privity of

contract between the plaintiff and the defendant insurance agent.  *See Alfieri v. Bertorelli*, ___

N.W.2d ___ (Mich. App. 2012), 2012 WL 87666 (Mich. App) (plaintiff was the actual

contracting party for a contract to purchase land); *Unibar Maintenance Services, Inc. v. Saigh*,

283 Mich. App. 609 (2009)  ("Plaintiff . . . was introduced to FHS for the purpose of obtaining

counseling and advice with respect to health insurance coverage. Defendants' relationship with

plaintiff created a duty to proceed under the proper standard of care."); *Roman v. Briggs*, 2001

WL 721331 (Mich. App).

Finally, the Cleveland Indians rely on *Michigan Tooling Ass'n Workers Compensation

Fund v. Farmington Ins.*, 2004 WL 2808902.  In *Michigan Tooling*, the plaintiff reasonably relied

on a certificate of coverage for the proposition that coverage existed (the very purpose for which

certificates of insurance exist).  In this case, the Cleveland Indians' could not reasonably rely on

the Certificate of Insurance because it explicitly stated that it did not purport to make any

representations as to the terms, benefits, or privileges promised under the policy. *See West

American Ins. Co. v. Meridian Mut. Ins. Co.*, 230 Mich. App. 305, 312 (1998) (certificates of

insurance do "no more than certify that insurance existed on the day the certificate was issued.").

Thus, as concluded in this Court's November 17, 2011 Opinion & Order, even if the Cleveland

---

[1]Similarly, the Cleveland Indians' complaint fails to allege a claim for estoppel.

Indians had alleged a claim for negligent misrepresentation, it would fail.

The Cleveland Indians' motion for reconsideration must be denied because it has not demonstrated a palpable defect by which the Court and the parties have been misled. Nor has it shown that correcting the defect will result in a different disposition of the case.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

To the extent that the Cleveland Indians seek to amend its complaint,[2] IT IS FURTHER ORDERED that any request to amend its complaint in order to properly include an allegation of negligent misrepresentation is DENIED. Such an amendment would be futile.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[2]Although the Cleveland Indians state that the Court should have allowed it to amend its complaint, it has yet to file a motion for leave to amend its complaint.

5